IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| R.F. CULBERTSON, III, | ) |
| Plaintiff, | ) Civil Action No. 2:18-cv-00500 |
| v. | ) Judge Cathy Bissoon |
| HYLIION, INC., | ) |
| Defendant. | ) |

## ANSWER AND AFFIRMATIVE DEFENSES

AND NOW comes Defendant, Hyliion, Inc. ("Hyliion"), and files the following Answer and Affirmative Defenses to the above-captioned complaint. In response thereto, Hyliion states the following:

1. Hyliion admits in part and is without knowledge of part of the averments in paragraph 1. Hyliion admits that Plaintiff is an adult male and was a citizen of the Commonwealth of Pennsylvania at the time the incidents complained of in the complaint occurred. Hyliion is without knowledge or information sufficient to form a belief regarding the remaining averments in paragraph 1, thus strict proof thereof is demanded. To the extent a response is deemed necessary, Hyliion denies the averments.

2. Hyliion admits the averments in paragraph 2.

3. Hyliion admits the averments in paragraph 3.

4. Hyliion admits the averments in paragraph 4.

5. Hyliion admits in part and is without knowledge or information sufficient to form a belief as to the truth of some of the averments in paragraph 5. Hyliion admits that Culbertson was an Assistant Professor who taught Entrepreneurship at Carnegie Mellon University. Hyliion admits that Culbertson is an alumnus of Carnegie Mellon University. Hyliion is without

knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 5, thus strict proof thereof is demanded. To the extent a response is deemed necessary, Hyliion denies the averments.

6. Hyliion admits the averments in paragraph 6.

7. Hyliion admits in part and denies in part the averments in paragraph 7. Hyliion admits that Culbertson was Healy's former Entrepreneurship professor at Carnegie Mellon University. Hyliion admits that Culbertson served as an informal advisor to Healy and Hyliion on ways to obtain funding for the Company and to build the Company into a profitable business. Hyliion denies that Culbertson was hired in March 2015.

8. Hyliion is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 8, thus strict proof thereof is demanded. To the extent a response is deemed necessary, Hyliion denies the averments.

9. Hyliion admits in part and denies in part the averments in paragraph 9. Hyliion admits that Culbertson continued to act as an informal advisor to Hyliion from March 2015 to January 2016 and that Culbertson assisted with some of Hyliion's fundraising activities. Hyliion denies that by January 2016, Hyliion had raised approximately $3.5 million in capital.

10. Hyliion admits in part and denies in part the averments in paragraph 10. Hyliion admits that Healy told Culbertson that he would receive stock options for company stock. Hyliion denies that Culbertson asked to be paid for his time or that Healy offered to pay Culbertson for the time Culbertson spent assisting Hyliion from March 2015 through January 2016. Hyliion denies that Healy repeatedly assured Culbertson that he would be paid in dollars, stock, or both. Hyliion denies that after Hyliion won the Rice Business Plan Competition, Culbertson had a conversation with Healy and his family about payment for his services.

Hyliion denies that Culbertson quoted to them that he would normally charge $5,000/day for his advising work. Hyliion is without knowledge or information sufficient to form a belief regarding the number of hours Culbertson claims he spent advising Hyliion between March 2015 and January 2016, thus strict proof thereof is demanded. To the extent a response is deemed necessary, Hyliion denies the averments.

    11.    Hyliion admits the averments in paragraph 11.

    12.    Hyliion admits the averments in paragraph 12.

    13.    Hyliion admits the averments in paragraph 13.

    14.    Hyliion denies the averments in paragraph 14.

    15.    Hyliion admits in part and denies in part the averments in paragraph 15. Hyliion admits that Healy requested a meeting with Culbertson on February 26, 2016 at the Panera Bread in Monroeville. Hyliion admits that Culbertson requested that he now be paid for advising Hyliion. Hyliion admits that Culbertson said that to run a successful business, an owner needs to pay his employees. Hyliion admits that Healy asked Culbertson if Culbertson were paid, would he return to work and that Culbertson answered in the affirmative. Hyliion denies that Healy said, "because of your age, you definitely don't need the money."

    16.    Hyliion admits in part and denies in part the averments in paragraph 16. Hyliion admits that at the end of February, Healy and Culbertson agreed that Culbertson would work for Hyliion and would be paid a salary of $72,000/year. Hyliion admits that it increased Culbertson's salary to $96,000 in July 2016. Hyliion denies that Healy assured Culbertson that past wages owed would be made up in the future with stock.

    17.    Hyliion admits the averments in paragraph 17.

18.     Hyliion admits that Culbertson received 750,000 stock options in July 2016. Hyliion denies the remaining averments in paragraph 18.

19.     Hyliion admits in part and denies in part the averments in paragraph 19.  Hyliion admits that Culbertson received his first paycheck on March 1, 2016 and that he was the last of Hyliion's employees to be paid. Hyliion denies that he was the first person besides the founders to work for Hyliion.  To the contrary, Culbertson did not become an employee of Hyliion until February 1, 2016, after others were employed by Hyliion.

20.     Hyliion denies the averments in paragraph 20 as stated.  Hyliion admits that Culbertson began working as a Hyliion employee in late February 2016 and that he worked to market and grow Hyliion's business.

21.     Hyliion admits in part, denies in part, and is without knowledge or information sufficient to form a belief as to some of the averments in paragraph 21 (incorrectly numbered in Plaintiff's complaint as paragraph 19).  Hyliion admits that an important business objective was to provide live demonstrations of its technology to investors, potential clients and media outlets. Hyliion admits that during the demonstrations, Healy highlighted how Hyliion's technology could be installed in 26 minutes.  Hyliion admits that Healy said that the technology could be installed in 26 minutes by someone his age.  Hyliion denies that Healy stated that Culbertson said, "Unless R.F.'s involved.  His getting in and out of his wheelchair slows us down," or "or unless R.F. needed a nap."  Hyliion is without knowledge or information sufficient to form a belief as to what message Culbertson believed Healy conveyed, thus strict proof thereof is demanded of the remaining averments in paragraph 21.  To the extent a response is deemed necessary, Hyliion denies the averments.

22. Hyliion is with knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 22 (incorrectly numbered in Plaintiff's complaint as paragraph 20), thus strict proof thereof is demanded. To the extent a response is deemed necessary, Hyliion denies the averments. By way of further answer, Culbertson never complained to Healy about any comments that were made about him in the workplace or at presentations and said that the interactions he and the team had with each other showed that they are a close team.

23. Hyliion admits in part and denies in part the averments in paragraph 23 (incorrectly numbered in Plaintiff's complaint as paragraph 21). Hyliion admits that other than Healy, Ed Olkkala is the only member of Hyliion's Board of Directors. Hyliion admits that Olkkala spoke with Culbertson in June 2016. Hyliion denies the remaining averments in paragraph 23.

24. Hyliion denies the averments in paragraph 24 (incorrectly numbered in Plaintiff's complaint as paragraph 22).

25. Hyliion admits in part and denies in part the averments in paragraph 25 (incorrectly numbered in Plaintiff's complaint as paragraph 23). Hyliion admits that Culbertson traveled to Europe for two weeks to look for European sales offices and meet with potential partners and suppliers. Hyliion admits that he generated sales estimates and a two-page document as a result of that trip. Hyliion denies the remaining averments in paragraph 25.

26. Hyliion admits in part and denies in part the averments in paragraph 26 (incorrectly numbered in Plaintiff's complaint as paragraph 24). Hyliion admits that after returning from Europe, Culbertson traveled to Las Vegas with other Hyliion employees to display Company technology and meet with potential investors and suppliers. Hyliion admits

that the meetings ran from September 30 through October 4, 2016.  Hyliion denies the remaining averments in paragraph 26.

27.     Hyliion admits in part and denies in part the averments in paragraph 27 (incorrectly numbered in Plaintiff's complaint as paragraph 25).  Hyliion admits that John McVaney met with Culbertson in Las Vegas.  Hyliion admits that Culbertson had previously met with McVaney on or about November 12, 2015.  Hyliion admits that the prior meeting with McVaney was to discuss an investment opportunity with Hyliion.  Hyliion denies that McVaney asked Culberson what his next gig was.  Hyliion denies that it hired McVaney on October 3, 2016.  Hyliion is without knowledge or information sufficient to form a belief as to whether Culbertson was aware that Hyliion had hired McVaney at the time that he spoke with McVaney, thus strict proof thereof is demanded.  To the extent a response is deemed necessary, Hyliion denies the averment.

28.     Hyliion admits in part and denies in part the averments in paragraph 28 (incorrectly numbered in Plaintiff's complaint as paragraph 26).  Hyliion admits that Culbertson returned to Hyliion's office after the trip to Las Vegas on or about October 6, 2016.  Hyliion admits that Timothy Gehring is Hyliion's Vice President of Finance.  Hyliion denies the remaining averments in paragraph 28.

29.     Hyliion is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 29 (incorrectly numbered in Plaintiff's complaint as paragraph 27), thus strict proof thereof is demanded.  To the extent a response is deemed necessary, Hyliion denies the averments.

30.     Hyliion admits in part and denies in part the averments in paragraph 30 (incorrectly numbered in Plaintiff's complaint as paragraph 28).  Hyliion admits that Healy

terminated Culbertson on November 14, 2016 and that Tim Gehring was present for that meeting.  Hyliion denies the remaining averments in paragraph 30.

      31.     Hyliion admits the averments in paragraph 31(incorrectly numbered in Plaintiff's complaint as paragraph 29).

      32.     Hyliion admits the averments in paragraph 32 (incorrectly numbered in Plaintiff's complaint as paragraph 30).

      33.     Hyliion denies the averments in paragraph 33 (incorrectly numbered in Plaintiff's complaint as paragraph 31).

      34.     Hyliion hereby incorporates by reference its answers to paragraphs 1 through 33 as if set forth fully herein.

      35.     Hyliion denies the averments in paragraph 35 (incorrectly numbered in Plaintiff's complaint as paragraph 33).

      36.     Hyliion denies the averments in paragraph 36 (incorrectly numbered in Plaintiff's complaint as paragraph 34).

      37.     Hyliion denies the averments in paragraph 37 (incorrectly numbered in Plaintiff's complaint as paragraph 35).

<u>AFFIRMATIVE DEFENSES</u>

      1.     Culbertson fails to state a claim upon which relief can be granted as to some or all of his claims.

      2.     Hyliion at all times acted in good faith and in accordance with the law.

      3.     To the extent that any comments were made regarding Culbertson's age, which Hyliion denies, such comments were not severe or pervasive nor were they unwelcome.

4. Culbertson unreasonably failed to give Hyliion the opportunity to address and correct any allegations of unlawful harassment.

5. Culbertson cannot show that Hyliion would not have made the same decisions regarding Culbertson's employment but for his age.

6. Culbertson cannot show that Hyliion's actions were willful.

7. To the extent Culbertson has failed to mitigate his damages, Hyliion is entitled to an offset of damages for any such failure.

Respectfully submitted,

By:   /s/ Mark T. Phillis
      Mark T. Phillis

Mark T. Phillis, Esquire
PA ID No. 66117
mphillis@littler.com
Christian A. Angotti, Esquire
PA ID No. 322881
cangotti@littler.com

**Littler Mendelson, P.C.**
EQT plaza
625 Liberty Avenue, 26th Floor
Pittsburgh, PA 15222
T: (412) 201-7636/7623
F: (412) 774-1956

*Counsel for Defendant, Hyliion, Inc.*

Dated: April 30, 2018

## **CERTIFICATE OF SERVICE**

I certify that on this 30th day of April, 2018 a true and correct copy of the foregoing Answer and Affirmative Defenses was served and filed using the Western District of Pennsylvania's ECF system, through which this document is available for viewing and downloading, causing a notice of electronic filing to be served upon the following counsel of record:

David B. Spear, Esq.<br>
Minto Law Group, LLC<br>
Two Gateway Center<br>
603 Stanwix Street, Suite 2025<br>
Pittsburgh, PA 15222

By  */s/ Mark T. Phillis*
    Mark T. Phillis

Firmwide:154227591.3 092202.1001